UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN SHEILS,

                                  Plaintiff,

                                                               DECISION AND ORDER

                                                               10-CV-6516L

                    v.

R. JORDAN,
C. BALCER,
N. LANNI,
P. GALLOWAY,
R. DIXON,
C. KUNES,

                                  Defendants.
_____


       Plaintiff, Kevin Sheils, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued a number of defendants, all of whom at all relevant times were officials or employees of DOCS. Plaintiff alleges that his constitutional rights were violated in several respects in 2008 and 2009.

       Two of the defendants, R. Jordan and Nurse Kunes, have moved for summary judgment dismissing the complaint, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion. For the reasons that follow, defendants motion is granted, and plaintiff's claims against Jordan and Kunes are dismissed.

## DISCUSSION

### I. Plaintiff's Failure to Respond to the Summary Judgment Motion

Rule 56(e) of the Federal Rules of Civil Procedure provides that

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* plaintiff, either the movant or the district court must provide the plaintiff with notice of the consequences of failing to respond to the motion. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001).

In the instant case, both defendant's notice of motion (Dkt. # 16) and the Court's scheduling order (Dkt. # 24) gave plaintiff ample notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion for summary judgment. There is no question, then, that plaintiff has been adequately advised of the pendency of the motion, of the need for him to respond and the form in which he should do so, and of the consequences of not responding to defendants' arguments and factual allegations. Since plaintiff has not done so, the Court may accept the truth of defendants' factual allegations, and determine whether defendants are entitled to summary judgment. *See Crenshaw v. Syed*, 686 F.Supp.2d 234, 235-36 (W.D.N.Y. 2010); *Pettus v. McGinnis*, 533 F.Supp.2d 337, 338-39 (W.D.N.Y. 2008).

### II. Plaintiff's Motion

Plaintiff alleges that Jordan, who is identified as the "Director of [Inmate] Classification and Movement," allowed plaintiff to be transferred back to Attica Correctional Facility, after plaintiff had been temporarily transferred to a different facility for medical treatment, despite plaintiff's letter to Jordan asking that he not be returned to Attica, because plaintiff had been assaulted there

previously by two correction officers. Plaintiff alleges that after his return to Attica, he was assaulted and injured by several officers. He asserts that Jordan violated his rights under the Eighth Amendment to the United States Constitution, by his deliberate indifference to a risk to plaintiff's safety.

To make out this claim against Jordan, plaintiff must show that 'he [wa]s incarcerated under conditions posing a substantial risk of serious harm,' and that [Jordan] had 'knowledge that [plaintiff] face[d] a substantial risk of serious harm and ... disregard[ed] that risk by failing to take reasonable measures to abate the harm.'" *Id.* (quoting *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)).

The evidence before me fails to support this claim against Jordan. When he wrote to Jordan about the transfer, plaintiff offered only his own unsubstantiated allegations that he had been assaulted there in the past. Plaintiff's grievance about the alleged assault had been dismissed, *see* Complaint at 43, and there is simply no ground upon which a factfinder could conclude that Jordan acted with deliberate indifference to any specific threat to plaintiff's safety. *See Shell v. Brun*, 585 F.Supp.2d 465, 468-70 (W.D.N.Y. 2008).

As to Nurse Kunes, plaintiff alleges that on August 27, 2008, certain wires that had been implanted in his jaw as a result of a prior injury broke loose, and that when he saw Kunes for treatment, she said to him that "there was nothing she could do about it ... ." Complaint § 66. When plaintiff told Kunes that the surgeon who implanted the wires had given "strict orders to have wire cutters on hand at all times" for just such situations, Kunes responded that she "did not care what the surgeons ordered, there were no wire cutters." Complaint § 67.

Kunes has stated in a declaration, which stands unopposed in the record, that wire cutters "were kept in the prison infirmary at all relevant times," but that it was, and is, her understanding that they were to be used only "in the event [plaintiff] encountered airway distress," which was not the situation with which she was confronted on August 27, 2008. Dkt. #19 ¶¶ 6-8. She states that as a nurse, she was not qualified, under DOCS procedures, to address plaintiff's complaints regarding the broken wires attached to his jaw.

Plaintiff's allegations against Nurse Kunes fail to make out a viable Eighth Amendment claim. In particular, he cannot show that Kunes was deliberately indifferent to plaintiff's serious medical need, or that she intended to cause him pain. It appears that Kunes correctly followed DOCS procedures when she saw plaintiff, but even if plaintiff could show that she acted negligently, that would not be enough to make out an Eighth Amendment claim. *See Colantuono v. Hockeborn*, 801 F.Supp.2d 110 (W.D.N.Y. 2011); *Goodale v. Wetzel*, No. 05-CV-616, 2009 WL 791313, at *3-*7 (W.D.N.Y. Mar. 23, 2009).

## CONCLUSION

The motion for summary judgment by defendants R. Jordan and C. Kunes (Dkt. #15) is granted, and plaintiff's claims against defendants Jordan and Kunes are dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
         January 13, 2012.