UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN SHEILS,

                          Plaintiff,

                                                       DECISION AND ORDER

                                                       10-CV-6516L

                    v.

R. JORDAN,
C. BALCER,
N. LANNI,
P. GALLOWAY,
R. DIXON,
C. KUNES,

                          Defendants
_____

       Plaintiff Kevin Sheils, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. When the complaint was filed, plaintiff was an inmate in the custody of the New York State Department of Correctional Services ("DOCS").[1] He sued a number of defendants, all of whom at all relevant times were officials or employees of DOCS, alleging that defendants violated plaintiff's constitutional rights in several respects in 2008 and 2009.

       On January 13, 2012, the Court issued a Decision and Order (Dkt. #25) granting summary judgment for two of the defendants, R. Jordan and Nurse Kunes. In doing so, the Court noted that plaintiff had failed to respond to defendants' motion. *Id.* at 2.

       The remaining four defendants have now moved to dismiss the complaint pursuant to Rule 11(b) of the Federal Rules for Civil Procedure (Dkt. #27). Defendants assert that in the complaint,

---

[1] While this lawsuit was pending, DOCS was merged with the New York State Division of Parole to become the Department of Corrections and Community Supervision. *See* http://www.doccs.ny.gov/FactSheets/DOCS-Parole-Merger.html.

plaintiff has attempted to mislead the Court, by omitting material information as to his litigation history.[2]

Plaintiff has not responded to this motion either. I also note that it appears from the docket sheet that the copy of the Court's January 13 Decision and Order that was mailed to plaintiff was returned as undeliverable, and that plaintiff failed to appear for a June 5, 2012 status conference that had been scheduled by the magistrate judge assigned to this case. *See* Dkt. #28. In addition, New York's inmate lookup service, http://nysdoccslookup.doccs.ny.gov, indicates that plaintiff was released from custody on April 17, 2012.

Under these circumstances, I find that the complaint must be dismissed for failure to prosecute. Federal courts are vested with the inherent authority of to dismiss a plaintiff's action with prejudice because of his failure to prosecute, "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *McCants v. McCoy*, No. 00-CV-6444, at *4 (W.D.N.Y. Nov. 6, 2008) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)).

In addition, under this district's Local Rules, *pro se* litigants have an obligation to immediately notify the Court and opposing parties of any change in their address or contact information. Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se* "must furnish the Court with a current address at which papers may be served on the litigant ... . In addition, the Court must have a current address at all times. Thus a *pro se* litigant must notify the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." Local Rule Of Civil Procedure 5.2(d).

---

[2]Rule 11(b) provides that "[b]y presenting to the court a pleading, ... an ... unrepresented party certifies that ... the factual contentions [contained in the pleading] have evidentiary support ... ." Under some circumstances, knowingly making material misrepresentations in a pleading can result in dismissal. *See*, *e.g.*, *Bell v. Lasacelli*, No. 08-CV-0278, 2009 WL 1032857, at *3-*4 (W.D.N.Y. Apr. 15, 2009).

Typically, when a party has failed to prosecute a case for an extended period, the Court sends an order to both sides directing them to show cause why the action should not be dismissed for failure to prosecute. *See* Local Rule 41(b). It would be pointless here to send such an order to plaintiff, however, since he is apparently no longer receiving mail at the most recent address that he provided to the Court. The Court has thus been effectively prevented from warning plaintiff that this action is subject to dismissal, due to his own failure to keep the Court apprised of his address. Under these circumstances, and given plaintiff's apparent cessation of interest in continuing to prosecute this action, I conclude that the complaint should be dismissed, with prejudice, for failure to prosecute. I therefore find it unnecessary to address the merits of defendant's motion to dismiss.

## CONCLUSION

The complaint in this case is dismissed with prejudice, for failure to prosecute, pursuant to this Court's inherent power and Rule 41(b) of the Local Rules of Civil Procedure. Defendants' motion to dismiss (Dkt. #27) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 11, 2012.