UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN SHEILS,

                              Plaintiff,

                                                                       DECISION AND ORDER

                                                                           10-CV-6516L

                          v.

R. JORDAN, et al.,

                              Defendants.
_____

       Plaintiff Kevin Sheils, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. When the complaint was filed, plaintiff was an inmate in the custody of the New York State Department of Correctional Services ("DOCS").[1] He sued a number of defendants, all of whom at all relevant times were officials or employees of DOCS, alleging that defendants violated plaintiff's constitutional rights in several respects in 2008 and 2009.

       In June 2012, defendants moved to dismiss this action, on several grounds. Dkt. #27. Plaintiff did not respond to the motion. Therefore, on October 11, 2012, the Court issued a Decision and Order (Dkt. #30) dismissing the action for failure to prosecute, and denying as moot the motion to dismiss on the merits.

       In January 2014, however, plaintiff submitted a "Motion to Move Claim Forward" (Dkt. #32) indicating that he had been faced with some personal problems that had made it difficult for him to prosecute this action. Based on that submission, the Court reopened the case in February 2014. Dkt.

---

[1] While this lawsuit was pending, DOCS was merged with the New York State Division of Parole to become the Department of Corrections and Community Supervision. *See* http://www.doccs.ny.gov/FactSheets/DOCS-Parole-Merger.html.

#33.  In so doing, the Court warned plaintiff that "[f]uture failures to prosecute this action in a timely fashion will result in dismissal of the action with prejudice."  Dkt. #33 at 1.

Defendants have now asked the Court to, in effect, reinstate their prior motion to dismiss, the grounds for which are discussed below.  The Court issued a scheduling order (Dkt. #36) giving plaintiff a month to respond.  He has not done so.

In addition, the Court scheduled a Rule 16 conference before Magistrate Judge Jonathan W. Feldman for April 17, 2004.  Plaintiff did not appear, in person or otherwise, for that conference, and he has had no recent contact with the Court.

On these grounds alone, I find that dismissal of this action for failure to prosecute is warranted, with prejudice.  Plaintiff has been given more than adequate warning that he cannot continue his habit of failing to respond to motions and to court orders and expect this case to continue.  The Court has considered the relevant factors, and I conclude that dismissal with prejudice is appropriate here.  *See Raber v. Merck, Sharp & Dohme Corp.*, 526 Fed. Appx. 17, 18-19 (2d Cir. 2013).

I also find that aside from this ground, defendants' motion to dismiss should be granted on the merits.  As defendants explain in their submission, in his complaint in this action, plaintiff failed to disclose his extensive prior litigation history, and I see no excuse for that omission.

Section 1915(g) of Title 28 provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In his complaint here, plaintiff listed six lawsuits related to his incarceration as "still pending."  Dkt. #1-1 at 6-7.  What he failed to mention is that he had filed five additional actions in the Northern District of New York that had been dismissed, prior to his commencement of this

lawsuit, and that he had numerous prison-related actions pending or that had been dismissed in state court.

Such a failure to disclose prior litigation history, especially by such an obviously practiced (if unsuccessful) litigant, "is an inexcusable misrepresentation to the Court" warranting dismissal under Rule 11 of the Federal Rules of Civil Procedure. *Bell v. Lasaceli*, No. 08-CV-0278, 2009 WL 1032857, at *4 (W.D.N.Y. Apr. 15, 2009). *See, e.g., Crenshaw v. Sciandra*, No. 10-CV-6207, 2013 WL 1680144 (W.D.N.Y. Apr. 17, 2013); *Dolberry v. Jakob*, No. 11-CV-1018, 2014 WL 1292225 (N.D.N.Y. Mar. 28, 2014).[2] Plaintiff's complaint is therefore dismissed for this reason as well.

## CONCLUSION

Defendants' motion to dismiss (Dkt. #35) is granted and the complaint is dismissed. Plaintiff's "motion to move claim forward" (Dkt. #32) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 21, 2014.

---

[2] The Court need not decide whether, as defendants contend, plaintiff has also accumulated three "strikes" under § 1915(g), although even a cursory review of his litigation history as reflected in court records shows that he has had numerous cases dismissed, at both the district court and appellate levels. *See, e.g., Sheils v. Rock*, 2008 WL 907320 (N.D.N.Y. Mar. 31, 2008), *aff'd*, 08-4359 (2d Cir. Apr. 2, 2009) (finding that plaintiff's "appeal lacks an arguable basis in fact or law"); *Sheils v. Busse*, No. 05-CV-399, 2009 WL 1293680 (N.D.N.Y. Feb. 27, 2009) (finding that plaintiff had failed to allege facts to support his claims). I therefore find it unnecessary to reach defendants' request that the Court revoke plaintiff's *in forma pauperis* status under § 1915(g). *See generally Collazo v. Pagano*, 656 F.3d 131, 133-34 (2d Cir. 2011).